IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                             ) | Criminal No. 3:23-cr-106–HEH |
| ) | |
| AZONTAY MALIK PERRY,   ) | |
| ) | |
| Defendant.      ) | |

**MEMORANDUM OPINION**
(Denying Defendant's Motion to Dismiss)

This matter is before the Court on Defendant Azontay Malik Perry's ("Defendant) Motion to Dismiss the Indictment (the "Motion," ECF No. 16), filed on November 28, 2023. The Indictment[1] (ECF No. 3) charges Defendant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant moves to dismiss the Indictment on the ground that § 922(g)(1) is unconstitutional facially and as applied to him under the Supreme Court's firearm analysis articulated in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). For the reasons that follow, the Court will deny Defendant's Motion.

## I. BACKGROUND

On November 19, 2022, Officer Glasco of the Hopewell Police Department responded to reports of a driver asleep at the wheel in the intersection of Ashland Street and Oaklawn Boulevard. (Resp. in Opp'n at 1–2, ECF No. 18.) Officer Bailey arrived on the scene to assist Officer Glasco. (*Id.* at 2.) The officers checked on the driver and

---

[1] The Indictment was filed under seal on August 15, 2023.

ordered him to step out of the vehicle when he woke up. (*Id.*) The driver ignored the officers' orders and instead fled the scene, nearly hitting the officers and striking the back of Officer Bailey's police cruiser. (*Id.*) The officers pursued the vehicle, and the driver eventually crashed the vehicle in a nearby apartment complex where he then fled on foot. (*Id.*) The officers saw a firearm, in plain view, on the floorboard of the driver's side of the vehicle. (*Id.*) Pursuant to a search warrant, the officers later searched the vehicle and discovered narcotics—approximately eighteen (18) grams of methamphetamine and ten (10) grams of fentanyl. (*Id.*) Through their investigation, the officers determined that Defendant was the driver of the vehicle and confirmed that he was a convicted felon. (*Id.*) Defendant's felony convictions include: (1) Possession of Schedule I or II Drug in August 2015; (2) Possession of Schedule I, II Drug in December 2015; (3) Possession of Firearm while in Possession of Schedule I, II Drug in December 2015; (4) Possession of Schedule I, II Drug in April 2019; (5) Probation Violations in November 2022; and (6) Failure to Appear on a Felony Offense in November 2022. (Pretrial Services Report at 4–6, ECF No. 11.)

On August 15, 2023, a grand jury indicted Defendant for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment at 1.) Defendant was arraigned on November 7, 2023, and entered a plea of not guilty. (Minute Entry at 1, ECF No. 15.) He requested trial by jury which is set to begin on January 10, 2024. (*Id.*)

Defendant now moves to dismiss the Indictment as violating his Second

2

Amendment right to keep and bear arms. (Mot. at 1.) He argues that § 922(g)(1) is unconstitutional under the *Bruen* firearm analysis. (*Id.* at 1–2.) The Government filed its Response in Opposition to the Motion on December 6, 2023. The Court, after hearing oral argument on December 12, 2023, denied the Motion for the reasons that follow. (Minute Entry at 1, ECF No. 20.)

## II. LEGAL STANDARD

Title 18 U.S.C. § 922(g)(1) makes it unlawful for a convicted felon to possess a firearm or ammunition. It states in full:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Defendant brings both a facial and an as-applied challenge[2] to the constitutionality of § 922(g)(1) pursuant to Federal Rule of Criminal Procedure 12 which permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1).

### A. Facial v. As-Applied Challenges

The type of constitutional challenge brought, whether facial or as-applied, controls

---

[2] Although Defendant frames his argument as an as-applied challenge, he does not provide argument as to why § 922(g)(1) is unconstitutional as applied to his case. Rather, Defendant challenges the constitutionality of § 922(g)(1) generally under the *Bruen* analysis, and merely repeats his argument that, as a citizen of the United States, he is part of "the people" who are afforded protection under the Second Amendment. (Mot. at 17.) Thus, this Court will treat his motion as a facial challenge to § 922(g)(1). *See United States v. Riley*, 635 F. Supp. 3d 411, 419 n.4 (E.D. Va. 2022).

3

the showing a defendant must make. "An as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case; a facial challenge requires this showing as well, but it also requires that there be 'no [other, theoretical] set of circumstances' in which the law could be constitutionally applied." *United States v. Mgmt. Consulting, Inc.*, 636 F. Supp. 3d 610, 619 (E.D. Va. 2022) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)) (alterations in original). Thus, an as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

To succeed on a facial challenge, a party "must establish that no set of circumstances exists under which the Act would be valid." *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *Salerno*, 481 U.S. at 745) (internal quotations omitted); *see also Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008). In other words, a party must show "that the law is unconstitutional in all of its applications." *Wash. State Grange*, 552 U.S. at 449 (citing *Salerno*, 481 U.S. at 745). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

B. Pre-*Bruen* Framework

Defendant asserts that § 922(g)(1) violates the Second Amendment of the United States Constitution. The Second Amendment reads: "A well regulated Militia, being

4

necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

The Fourth Circuit has adopted the two-step approach set forth in *District of Columbia v. Heller*, 554 U.S. 570 (2008), to evaluate Second Amendment challenges.³ Under the *Heller* analysis, the first question is "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee." *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010) (internal citation and quotations omitted). This inquiry "seeks to determine whether the conduct at issue was understood to be within the scope of the right at the time of ratification." *Id.* (citing *Heller*, 554 U.S. at 625–26). If the challenged law falls within the scope of the Second Amendment, then courts turn to the second step and apply "an appropriate form of means-end scrutiny." *Id.* at 680. Courts may apply either intermediate or strict scrutiny depending on "the nature of the conduct being regulated and the degree to which the challenged law burdens the right." *Id.* at 682; *see Heller*, 554 U.S. at 628, n.27 ("If all that was required to overcome the right to keep and bear arms was a rational basis, the Second Amendment would be redundant with the separate constitutional prohibitions on irrational laws, and would have no effect."). Though courts are not required to provide definitive rulings on the steps in a particular order, a challenged law will be rendered unconstitutional only if it fails both prongs of *Heller*. *See Hosford*, 843 F.3d at 167.

The Fourth Circuit applied *Heller*'s two-step approach in determining the

---

³ Though *Bruen* modifies the *Heller* approach, the Court provides a break down of the *Heller* test as it is helpful to the analysis of the parties' arguments.

5

constitutionality of § 922(g)(1) in *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012), finding both challenges failed under *Heller*'s first-step. In *Moore*, the defendant brought both facial and as-applied challenges to § 922(g)(1). 666 F.3d at 316. The Fourth Circuit upheld § 922(g)(1) under the first-prong in *Heller*, finding that the defendant, as a violent felon, "simply does not fall within the category of citizens to which the *Heller* court ascribed the Second Amendment protection of 'the right of law-abiding responsible citizens to use arms in defense of hearth and home.'" 666 F.3d at 319 (quoting *Heller*, 554 U.S. at 635) (emphasis omitted).

In *Pruess*, the defendant, a non-violent felon, brought facial and as-applied challenges to the constitutionality of § 922(g)(1). 703 F.3d at 244–47. Echoing *Moore*, the Fourth Circuit held that "'longstanding prohibitions on the possession of firearms by felons'" are "presumptively lawful" under *Heller*. *Id.* at 245 (quoting *Heller*, 554 U.S. at 626–27 & n.26). In upholding § 922(g)(1), the Fourth Circuit found that the defendant could not "rebut the presumption of lawfulness of the felon-in-possession prohibition as applied to him." *Id.* at 246. The Fourth Circuit in *Pruess*, like in *Moore*, found that the defendant "undoubtedly flunks the 'law-abiding responsible citizen' requirement." 703 F.3d at 246 (citing *Moore*, 666 F.3d at 320) (internal quotations omitted). Thus, the court rejected the defendant's challenge under the presumptive lawfulness holding and first-prong of *Heller*.

6

### C. Post-*Bruen* Framework

In *Bruen*, the Supreme Court articulated a new two-step analysis for constitutional challenges to firearm regulations, rejecting *Heller*'s second step: means-end scrutiny review. 597 U.S. at 19. Under *Bruen* step one, courts are to consider whether "the Second Amendment's plain text covers an individual's conduct."[4] *Id.* at 17. If the court finds that the individual's conduct is, in fact, covered by the plain text of the Second Amendment, then the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* To do so, the government need only identify "a well-established and representative historical analogue" of the modern-day challenged law, "not a historical twin." *Id.* at 30 (emphasis omitted). "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* at 17 (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 49 n.10 (1961)).

### III. DISCUSSION

Defendant asserts that this Court must dismiss the Indictment because § 922(g)(1) is unconstitutional under the *Bruen* analysis. However, the Government argues that the Court is bound by the Fourth Circuit's decisions in *Heller*, *Moore*, and *Pruess* which upheld § 922(g)(1) as "presumptively lawful." (Resp. in Opp'n at 25–28.) While the Government contends that the Court need not conduct the *Bruen* analysis in deciding this

---

[4] The first step of the *Bruen* analysis remains the same as that of the *Heller* analysis. *Bruen*, 597 U.S. at 22–24.

case, it nonetheless asserts that § 922(g)(1) remains constitutional under *Bruen*. (*Id.* at 3–25.) Defendant argues that *Heller*, *Moore*, and *Pruess* do not survive *Bruen*. (Mot. at 3–6; Reply at 1–8, ECF No. 19.) Rather, Defendant contends that this Court must engage in the *Bruen* analysis, and recommends that this Court follow *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023), and *United States v. Bullock*, No. 3:18-cr-165, 2023 WL 4232309 (S.D. Miss. Jun. 28, 2023). (Mot. at 6–17; Reply at 7–8.) Additionally, in oral argument, Defendant urged this Court to adopt the analysis of *Bruen*'s first prong set forth in *United States v. Coleman*, No. 3:22-cr-87, 2023 WL 6690935, at *5–6 (E.D. Va. Oct. 12, 2023), which found that felons are part of "the people."

### A. Prohibitions on Firearms Possession are Presumptively Lawful

First, the Court addresses the presumptive lawfulness of § 922(g)(1) under *Heller*. Defendant argues that the Supreme Court in *Heller* only resolved the specific Second Amendment issue raised in that case, and, thus, the Court must apply the analysis articulated in *Bruen*. (Mot. at 3–6.) Defendant also asserts that the presumptive lawfulness language of *Heller* is mere dicta and does not bind this Court. (Reply at 1–6.)

The Government contends that *Bruen* reaffirmed *Heller*'s finding that longstanding prohibitions on firearms possession by felons are presumptively lawful, and, therefore, is controlling. (Resp. in Opp'n at 3–7, 26–28.) The Government also notes that seven (7) members of the *Bruen* Court, and five (5) in the *Bruen* decision itself, have explicitly approved of *Heller*'s reassurances regarding felon-in-possession statutes. (*Id.* at 26–27 (citing *Bruen*, 597 U.S. at 72 (Alito, J., concurring); *id.* at 80–81 (Kavanaugh,

J., joined by Roberts, C.J. concurring); *id.* at 129 (Breyer, J., joined by Sotomayor and Kagan, J.J., dissenting); *New York State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1540–41 (2020) (Alito, J., joined by Thomas and Gorsuch, J.J., dissenting).)

Contrary to Defendant's assertion, this Court finds that *Heller*'s presumptively lawful language is not mere dicta, but rather controls this Court's analysis. *Bruen* repeatedly relied on and reaffirmed *Heller*'s presumptive lawfulness of longstanding prohibitions on firearms possession. *See* 597 U.S. at 30; *see also id.* at 72 (Alito, J., concurring) ("Nor have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 80–81 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("Properly interpreted, the Second Amendment allows a 'variety' of gun regulations" including "longstanding prohibitions on the possession of firearms by felons . . . ." (quoting *Heller*, 554 U.S. at 636)); *id.* at 129 (Breyer, J., joined by Sotomayor and Kagan, J.J., dissenting) ("Like Justice Kavanaugh, I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding [on those firearm regulations deemed 'presumptively lawful']."); *Vincent v. Garland*, 80 F.4th 1197, 1201 (10th Cir. 2023) ("[S]ix of the nine Justices pointed out that *Bruen* was not casting any doubt on [the presumptive lawfulness of longstanding prohibitions on possession of firearms by convicted felons] language in *Heller*.") (internal citations omitted). Because *Bruen* serves to clarify and reiterate *Heller*, it did not invalidate or overrule *Heller*'s holding that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful." *Heller*, 554 U.S.

9

at 626–27 & n.26.

Further, while the Fourth Circuit has not yet opined on the constitutionality of § 922(g)(1),[5] numerous courts in this Circuit have found that, because *Bruen* did not displace *Heller*, they are bound by *Heller*'s admonition regarding longstanding prohibitions on the possession of firearms by felons. *See, e.g., United States v. Bynum*, No. 5:23-cr-141, 2023 WL 7003690, at *4 (E.D.N.C. Oct. 24, 2023); *United States v. Williams*, No. 3:22-cr-158, 2023 WL 6368971, at *4 (E.D. Va. Sept. 28, 2023); *Nicks v. United States*, No. 5:23-cv-2 (5:20-cr-97), 2023 WL 4356065, at *10 (W.D.N.C. July 5, 2023); *United States v. Kearney*, No. 4:23-cr-29, 2023 WL 3940106, at *2 (E.D. Va. June 9, 2023); *United States v. Finney*, No. 2:23-cr-13, 2023 WL 2696203, at *2 (E.D. Va. Mar. 29, 2023); *United States v. Wilkerson*, No. 2:22-cr-152, 2023 WL 3220186, at *3 (E.D. Va. May 2, 2023). Accordingly, the Court declines to grant Defendant's Motion on these grounds.

### B. Pre-*Bruen* Fourth Circuit Precedent is Controlling

The Court now turns to the Fourth Circuit's pre-*Bruen* precedent supporting the constitutionality of § 922(g)(1)—*Moore* and *Pruess*. The Government contends that this Court is bound by *Moore* and *Pruess*, which upheld the constitutionality of § 922(g)(1)

---

[5] As cited by Defendant, the Court recognizes that in *Maryland Shall Issue, Inc. v. Moore*, 86 F. 4th 1038 (4th Cir. 2023), the Fourth Circuit noted that "*Bruen* was not shy about telling lower courts how to handle Second Amendment challenges: We turn to the Amendment's 'text,' 'informed by history,' and by 'the historical tradition that delimits the outer bounds of the right.'" *Id.* at 1045 n.9 (internal citations omitted). However, *Maryland Shall Issue* did not involve a challenge to § 922(g)(1), and therefore, did not address presumptive lawfulness of felon-in-possession prohibitions under *Heller* nor the Fourth Circuit precedent involving § 922(g)(1). *See id.* at 1040–41.

10

without applying means-end scrutiny. (Resp. in Opp'n at 25–28.) The Government argues that, because *Bruen* reaffirmed *Heller*, the Supreme Court "effectively reaffirmed *Moore* and *Pruess*." (*Id.* at 28.)

Defendant argues that *Moore* and *Pruess* do not survive *Bruen* as both cases rely on the presumptive lawfulness language in *Heller*. (Reply at 6–8.) He alleges that, because neither case analyzed whether felons are part of "the people," they do not comport with the analysis required by *Bruen*. (*Id.* at 8.)

Turning to the question of whether *Bruen* "specifically rejected" or "clearly undermined" Fourth Circuit precedent, the Court concludes that *Bruen* did no such thing. *Qingyun Li v. Holder*, 666 F.3d 147, 150 (4th Cir. 2011); *United States v. Williams*, 155 F.3d 418, 421 (4th Cir. 1998). *Bruen* neither specifically rejected nor clearly undermined *Moore* and *Pruess*. Instead, *Bruen* expressly rejected the application of means-end scrutiny in constitutional challenges to the Second Amendment. 597 U.S. at 19. However, neither *Moore* nor *Pruess* applied means-end scrutiny when upholding the constitutionality of § 922(g)(1). *See Moore*, 666 F.3d at 316–20; *Pruess*, 703 F.3d at 245–47. Therefore, *Bruen* did not specifically reject *Moore* or *Pruess*.

Nor did *Bruen* clearly undermine the reasoning of *Moore* and *Pruess*. Both cases relied on *Heller*'s holding that longstanding felon-in-possession laws are presumptively lawful, which this Court has determined remains binding. *See Moore*, 666 F.3d at 317–20; *Pruess*, 703 F.3d at 245–47. Further, *Moore* and *Pruess* rest on step one of the then-*Heller* and now-*Bruen* analysis. In both cases, the Fourth Circuit held that the Second

11

Amendment only protects "law-abiding responsible citizens," and the defendants, as convicted felons, fall outside of this scope of protection. *Moore*, 666 F.3d at 319 (emphasis omitted) (internal citations omitted); *Pruess*, 703 F.3d at 245–46 (internal quotations omitted).

Accordingly, this Court rejects Defendant's argument, and adheres to *Moore* and *Pruess* as controlling Fourth Circuit precedent. Notably, the vast majority, if not all, of the district courts that have addressed this argument in the Fourth Circuit have similarly found that *Moore* and *Pruess* remain good law and bind this Court. *See, e.g., Riley*, 635 F. Supp. 3d at 424 ("Armed with this well-healed reading of *Bruen*, this Court concludes that the Fourth Circuit's decisions in *Moore* and *Pruess* remain good law and control the disposition of [the d]efendant's motion to dismiss."); *Kearney*, 2023 WL 3940106, at *2; *Finney*, 2023 WL 2696203, at *3–4; *Wilkerson*, 2023 WL 3220186, at *3; *United States v. Spencer*, No. 2:22-cr-106, 2022 WL 17585782, at *4 (E.D. Va. Dec. 12, 2022); *United States v. Robinson-Davis*, No. 7:22-cr-45, 2023 WL 2495805, at *3 (W.D. Va. Mar. 14, 2023); *United States v. Bever*, Crim. No. 2:22-164, 2023 WL 2991870, at *5 (S.D. W. Va. Apr. 18, 2023); *United States v. Lane*, No. 3:23-cr-62, 2023 WL 5663084, at *13 (E.D. Va. Aug. 31, 2023); *United States v. Hill*, No. 3:23-cr-114, 2023 WL 8238164, at *7 (E.D. Va. Nov. 28, 2023).

Bound by the presumptive lawfulness of longstanding prohibitions on the possession of firearms by felons under *Heller*, and the Fourth Circuit's reasoning in *Moore* and *Pruess*, Defendant's Motion to Dismiss the Indictment will be denied.

### C. Defendant's Claim Fails under the *Bruen* Analysis

Because this Court disposes of Defendant's § 922(g)(1) challenge pursuant to *Heller*, *Moore*, and *Pruess*, the Court need not analyze Defendant's claim under *Bruen*. However, in the interest of completeness, this Court hereby adopts the well-reasoned explanation articulated in *Lane*, which engaged in the *Bruen* analysis and found that "felons are not among 'the people' whose conduct the Second Amendment protects." 2023 WL 5663084, at *8–14. This Court similarly finds that Defendant, as a convicted felon, is not a "law-abiding responsible citizen" who is afforded the protections of the Second Amendment.

## IV. CONCLUSION

As reasoned above, the Court will deny Defendant's Motion to Dismiss. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 20 2023
Richmond, Virginia

13